UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL GARCIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>　　　　　Defendant. | No. 2:18-cv-0452-JAM-EFB P<br><br><br>ORDER |

Defendant Corrections Corporation of America ("CoreCivic"),[1] removed this action from state court stating that this court has diversity jurisdiction under 28 U.S.C. § 1332[2] insofar as: (1) plaintiff alleges he is a citizen of California; (2) CoreCivic is a Maryland corporation with Nashville, Tennessee as its principal place of business; and (3) the amount in controversy is 2,000,000 dollars. ECF No. 1, at 2. Based on these assertions, which find support in plaintiff's complaint, the court concludes that it has diversity jurisdiction over this action.

---

[1] Defendant notes that Corrections Corporation of America is now known as CoreCivic. ECF No. 1 at1 n.1.

[2] 28 U.S.C. § 1332 provides, *inter alia*, that federal courts have jurisdiction over civil actions where the matter in controversy exceeds 75,000 dollars and the parties are citizens of different states.

1

Defendant has filed a motion requesting that the court screen plaintiff's complaint. ECF No. 7. The court has reviewed the potentially applicable screening provisions and concludes that none are directly applicable. Plaintiff is not proceeding in forma pauperis and 28 U.S.C. § 1915 is consequently not applicable. And, although defendant cites 28 U.S.C. § 1915A in its motion, the court finds that this section does not apply because defendant is not a "governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[3] Finally, 42 U.S.C. § 1997e is not applicable because plaintiff's claim does not appear to arise under § 1983 or any other federal law.[4]

Based on the foregoing, it is ORDERED that:

1. Defendant's motion for screening order (ECF No. 7) is DENIED; and
2. Defendant shall file its answer or otherwise respond to plaintiff's complaint within fourteen days from the date this order is served.

DATED: June 28, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] In section 1983 suits, courts have treated private corporations acting under color of state law as though they were municipal entities. *See Jackson v. Illinois Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) ("For purposes of § 1983, we have treated a private corporation acting under color of state law as though it were a municipal entity."). This determination does not, however, speak to the question of whether such a corporation is a "governmental entity" for the purposes of 28 U.S.C. § 1915A. The court is unaware of any binding authority indicating as much and defendant has not cited any in its motion.

[4] Defendant states that plaintiff is asserting "federal constitutional violation claims" against it. ECF No. 7 at 1. Plaintiff's complaint, however, characterizes this suit as concerning a "breach of fiduciary duty/general negligence." ECF No. 1-1 at 7, 9. He alleges that defendant entered into an agreement with the California Department of Corrections and Rehabilitation to provide prisoners with "routine, essential medical care." *Id.* at 10. He claims that defendant breached that duty with respect to him by failing to properly diagnose him with "neurocysticercosis" while he was incarcerated at defendant's North Fork Correctional Facility in Sayre, Oklahoma. *Id.* at 11.