# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL GARCIA, | No. 2:18-cv-0452-EFB P |
| Plaintiff, | |
| v. | ORDER |
| CORRECTIONS CORPORATION OF AMERICA, | |
| Defendant. | |

This action was removed to this district from state court on February 28, 2018. ECF No. 1. Defendant, Corrections Corporation of America's ("CoreCivic")[1] has since filed a motion to change venue. ECF No. 18. Therein, CoreCivic argues that venue is proper in the Western District of Oklahoma. *Id.* at 3. Plaintiff has failed to file a response to the motion. Accordingly, he is directed to file either an opposition or statement of non-opposition within fourteen days from the date this order is served. Failure to do so may result in a recommendation that this action be dismissed for failure to prosecute.

Additionally, in reviewing the motion and the record, the court has identified an issue that requires additional briefing. Plaintiff raises a claim for "breach of fiduciary duty" based on a

---

[1] Defendant notes that Corrections Corporation of America is now CoreCivic, Inc.

1

contract between CoreCivic and the California Department of Corrections and Rehabilitation ("CDCR"). ECF No. 1-1 at 10. He claims that, pursuant to that agreement, CoreCivic assumed an obligation to provide inmates – including him - with adequate medical care. *Id.* He admits that he is neither a "party or interested third party" to this agreement. *Id.* But, under California law, a third party may move to enforce a "contract made expressly for [his] benefit . . . ." *See* California Civil Code § 1559. And "[i]f the terms of the contract necessarily require the promisor to confer a benefit on a third person," – as they appear to in this case - then that individual is an intended beneficiary who may enforce the contract. *Prouty v. Gores Tech. Grp.*, 121 Cal. App. 4th 1225, 1232 (Cal. Ct. App. 2004). "[T]he contract need not be exclusively for the benefit of the third party." *Id.* It is sufficient that the third person be "a member of the class for whose express benefit the contract was made." *Kaiser Engineers, Inc. v. Grinnell Fire Prot. Sys. Co.*, 173 Cal. App. 3d 1050, 1055 (Cal. Ct. App. 1985). Thus, despite CoreCivic's contention to the contrary, there remains (at the very least) a possibility that plaintiff has standing to pursue his breach of contract of claim.

In light of the foregoing, the court concludes that, prior to ruling on the motion to change venue, it must address the "Jurisdiction and Venue" clause contained in the contract between CoreCivic and CDCR. That clause provides:

> The law of the State of California and rules and regulations issued pursuant thereto shall be applied in the interpretation, execution and enforcement of this Agreement. Venue for any legal action related to performance or interpretation of this Agreement shall be in the City of Sacramento, California.

ECF No. 1-1 at 68 (Section 9.16). The U.S. Court of Appeals for the Ninth Circuit has determined that "a range of transaction participant, parties and non-parties, should benefit from and be subject to forum selection clauses." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) (internal quotation marks omitted); *see also Bugna v. Fike*, 80 Cal. App. 4th 229, 233-35 (Cal. Ct. App. 2000). The court will afford the parties an opportunity to address this issue.

/////

/////

/////

2

## Conclusion

Based on the foregoing, it is ORDERED that:

1. Within fourteen days from the date of service of this order, plaintiff must file either an opposition to the motion to change venue or a statement of non-opposition. If plaintiff does oppose the change of venue, he should indicate whether he believes the forum selection clause applies to him and, if so, whether he invokes it.

2. In the event plaintiff files an opposition, CoreCivic shall file its reply within seven days thereafter. That reply may address whatever arguments plaintiff raises in his opposition, but it **must** also address the issue of the forum selection clause identified *supra*.

DATED: March 14, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE