UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL GARCIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>　　　　Defendant. | No. 2:18-cv-00452 EFB P<br><br><br>ORDER |

This action was removed to this district from state court on February 28, 2018. ECF No. 1. Now pending before the court is defendant Corrections Corporation of America's ("CoreCivic")[1] motion to change venue. ECF No. 18. Therein, CoreCivic argues that venue is proper in the Western District of Oklahoma. *Id.* at 3. On March 14, 2019, the court directed plaintiff to file a response to CoreCivic's motion. ECF No. 21. The court also directed both parties to address the forum selection clause contained in the contract[2] between CoreCivic and the California Department of Corrections and Rehabilitation ("CDCR"). *Id.*

---

[1] Defendant notes that Corrections Corporation of America is now CoreCivic, Inc.

[2] Plaintiff is suing under this contract, claiming that CoreCivic breached its contractual obligation to provide him with adequate medical care. ECF No. 1-1 at 10. He also sues under a theory of "general negligence." *Id.* at 9-10.

1

Plaintiff has now filed an opposition wherein he claims to be a third-party beneficiary of the foregoing contract and states his intention to invoke the forum selection clause. ECF No. 22. CoreCivic has filed a reply. ECF No. 23. For the reasons stated hereafter, CoreCivic's motion is granted.

## Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. In weighing a motion to change venue, courts first consider whether subject matter jurisdiction, personal jurisdiction, and venue are proper in the transferee district. If those elements are met, courts then consider whether convenience of the witnesses and parties and the interests of justice favor transfer. The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted). In analyzing whether the "interests of justice" militate in favor of a transfer, the Ninth Circuit has set forth a number of relevant factors a court should consider, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

## Analysis

A. <u>Forum Selection Clause and Plaintiff's Status as a Third-Party Beneficiary</u>

In its reply, CoreCivic points out that Section 9.24 of its contract with CDCR states:

> This Agreement shall benefit and burden the parties hereto in accordance with its terms and conditions and is not intended, and shall not be deemed or construed, to confer rights, powers, benefits or privileges on any person or entity other than the parties to this Agreement. *This Agreement is not intended to create any rights,*

> *liberty interests, or entitlements in favor of any CDCR Offender.* The Agreement is intended only to set forth the contractual rights and responsibilities of the Agreement parties. *CDCR Offenders shall have only those entitlements created by Federal or State constitutions, statutes, regulations, case law, or applicable court orders.*

ECF No. 1-1 at 70 (emphasis added). CoreCivic argues that this clear language is dispositive as to plaintiff's status as a third-party beneficiary. The court agrees. California courts have interpreted such explicit disclaimers to preclude third-party beneficiary status. *See*, *e.g.*, *Sessions Payroll Mgmt., Inc. v. Noble Const. Co.*, Inc., 84 Cal. App. 4th 671, 680-81 (Cal. App. 2000) (third party not covered by attorney fee position where "the contract expressly disclaims that it creates any rights or confers any benefits on third parties . . . ."); *Brown v. California Adm'rs & Consultants, Inc.*, 45 Cal. App. 4th 333, 343 (Cal. App. 1996) (finding that, where agreements explicitly informed appellant that defendants had no responsibility for investment choices, "[i]t is difficult to imagine language that would more clearly limit a contracting party's duty to another").

In light of the fact that the contract explicitly disclaims any entitlements to CDCR offenders, the court concludes that plaintiff lacks standing to invoke the forum selection clause.

B. <u>Transfer Factors</u>

Turning to the transfer factors identified *supra*, the court concludes that this case should be transferred.

1. <u>Venue, Subject Matter Jurisdiction, and Personal Jurisdiction</u>

Where, as here, an action is before the court under diversity jurisdiction, a venue is appropriate under 28 U.S.C. § 1391(b)(2)[3] if the action could have been brought there. CoreCivic argues that this action could have been brought in the Western District of Oklahoma. It notes that plaintiff alleges he was denied adequate medical care while incarcerated at North Folk Correctional Facility ("NFCF") – a facility located in Sayre, Oklahoma (and within the

/////

---

[3] This section provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

3

jurisdiction of the Western District of Oklahoma). Thus, the court concludes that venue is proper within the transferee district.

Subject matter jurisdiction exists in the transferee district insofar as the matter in controversy exceeds 75,000 dollars (ECF No. 1-1 at 7), plaintiff is a citizen of California, and CoreCivic is a Maryland corporation with principal place of business in Tennessee. *See* 28 U.S.C. § 1332.[4]

Specific jurisdiction over CoreCivic exists in the transferee district insofar as its "contacts with the forum [gave] rise to the cause of action before the court." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). In its motion, CoreCivic states that it owns and operates NFCF and, during the time period relevant to this case, incarcerated CDCR inmates (including plaintiff) at that facility pursuant to an agreement with the State of California. ECF No. 18 at 2.

2. Convenience of Witnesses and Interests of Justice

CoreCivic persuasively notes that all of plaintiff's claims stem from allegedly inadequate medical care which he received in Oklahoma and while incarcerated at NFCF. It follows, then, that all staff responsible for his care at NFCF are likely to be located in Oklahoma. So too are the relevant third-party medical providers.[5] And plaintiff has not identified any relevant, non-party witnesses who are residents of the Eastern District of California. Thus, the convenience of witnesses weighs strongly in favor of transfer to Oklahoma. *See Silva v. Aviva PLC*, No. 15-CV-02665-PSG, 2016 U.S. Dist. LEXIS 40617, *14-15 (N.D. Cal. Mar. 25, 2016) (granting transfer, in part, because defendants showed that many important witnesses resided in transferee district, whereas plaintiffs failed to identify any non-party witnesses in transferring district).

The interests of justice also favor transfer. CoreCivic notes that all sources of proof – medical records and witnesses - are located in Oklahoma where, again, the relevant medical care was undertaken. And, if this action remains in this district, the court will be unable to compel

---

[4] District courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds 75,000 dollars and is between citizens of different states. 28 U.S.C. § 1332(a).

[5] In its motion, CoreCivic lists Midwest Hospital, Parkview Hospital, Jackson County Memorial Hospital, Oklahoma University Medical Center, and Sayre Hospital. ECF No. 18 at 5.

4

non-party witnesses to testify. *See* Fed. R. Civ. P. 45(b)(2), 45(c)(A), 45(d)(3)(A)(ii). Finally, CoreCivic points out that plaintiff did not choose this forum - this action was removed to the Eastern District from state court. *See Actmedia, Inc. v. Ferrante*, 623 F. Supp. 42, 44 (S.D. N.Y. 1985) (finding plaintiff's choice of forum "inapposite" where suit was removed from New York state court to New York federal district court).

### 3. Court Congestion

CoreCivic also argues that "[a]dministrative difficulties arising from court congestion in California is a prominent issue." ECF No. 18 at 6. The Ninth Circuit has held that, in deciding whether to transfer a case, a court may weigh public interest factors such as "the administrative difficulties from court congestion . . . ." *Decker Coal Co. v. Commonwealth Edison, Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). CoreCivic states that, as of June 2018, 708 civil cases per active judgeship were pending in this district. By contrast, 224 civil cases per active judgeship were pending in the Western District of Oklahoma.[6] This factor also weighs in favor of transfer.

### 4. The Remaining Factors

The court concludes that the remaining factors do not weigh strongly on either retaining or transferring the case. Thus, on the balance, transfer is warranted. In closing, the court notes that, by way of his opposition, plaintiff raised only the issue of the contract's forum selection clause. ECF No. 22 at 2-5. He offered no other rationale for keeping the case in this district.

### Conclusion

Based on the foregoing, it is ORDERED that:

1. Defendant's motion to change venue (ECF No. 18) is GRANTED; and

/////

/////

---

[6] CoreCivic relies on Federal Court Management Statistics (June 30, 2018), found at http://www.uscourts.gov/sites/ default/files/data_tables/fcms_na_distprofile0630.2018.pdf. Upon review, the court finds that the relevant numbers appear to 824 civil cases per judgeship in this district and 226 in the Western District of Oklahoma. Regardless of the exact numbers, the disparity is obvious.

2. This action is hereby transferred to the United States District Court for the Western District of Oklahoma.

DATED: May 16, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE